United States District Court
Southern District of Texas
**ENTERED**
March 14, 2016
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| PHILLIP JACKSON, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 2:16-CV-17 |
| | § | |
| DAVID GUTIERREZ, *et al*, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM AND RECOMMENDATION TO DISMISS CERTAIN CLAIMS AND TO RETAIN ACTION

This civil rights action was filed by a Texas state prisoner pursuant to 42 U.S.C. § 1983. Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996), any prisoner action brought under federal law must be dismissed if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. *See* 42 U.S.C. § 1997e(c); 28 U.S.C. §§ 1915(e)(2), 1915A. Plaintiff's action is subject to screening regardless of whether he prepays the entire filing fee or proceeds as a pauper. *Ruiz v. United States,* 160 F.3d 273, 274 (5th Cir. 1998) (per curiam); *Martin v. Scott*, 156 F.3d 578, 580 (5th Cir. 1998) (per curiam), *cert. denied*, 527 U.S. 1041 (1999). Plaintiff's *pro se* complaint must be read indulgently, *Haines v. Kerner,* 404 U.S. 519, 520 (1972), and his allegations must be accepted as true, unless they are clearly irrational or wholly incredible, *Denton v. Hernandez,* 504 U.S. 25, 33 (1992).

Applying these standards, it is respectfully recommended that Plaintiff's § 1983 claim against David Gutierrez for declaratory and prospective injunctive relief to determine Plaintiff's parole eligibility status be retained, and service ordered on the Texas Parole Board via Mr. Gutierrez in his official capacity. It is respectfully recommended further that, to the extent Plaintiff has sued Mr. Gutierrez in his individual capacity for monetary damages, those claims be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1). Finally, it is respectfully recommended that Plaintiff's claims against defendant Beth Benoit be dismissed for failure to state a claim and upon Plaintiff's own motion.

## I.     JURISDICTION.

The Court has federal question jurisdiction over this civil rights action pursuant to 28 U.S.C. § 1331.

## II.    BACKGROUND FACTS AND PLAINTIFF'S ALLEGATIONS.

Plaintiff is a prisoner in the Texas Department of Criminal Justice, Criminal Institutions Division (TDCJ-CID), and he is currently confined at the Wayne Scott Unit in Angleton, Texas.

On January 14, 2016, Plaintiff filed his original complaint alleging that his parole eligibility requirements were changed in violation of his due process and equal protection rights, as well as the Ex Post Facto Clause. (D.E. 1, p. 3). He named as defendants the parole officer that presided over his December 2012 parole revocation hearing, David Gutierrez, and the Program 1 Supervisor, Beth Benoit. (D.E. 1, p. 3).

A *Spears*[1] hearing was conducted on February 24, 2016. The following allegations were made in Plaintiff's original complaint (D.E. 1), or at the hearing:

In 2000, the State charged Plaintiff with the felony offense of aggravated assault with a deadly weapon in *State of Texas v. Phillip Jackson,* Cause Number 00-CR-2318-D, in the 105th Judicial District Court of Nueces County, Texas. *See Jackson v. Quarterman,* 2008 WL 318290, *1 (S.D. Tex., Feb. 4, 2008). Pursuant to a plea agreement, Plaintiff entered a plea of guilty and the trial court deferred adjudication of guilt and placed Plaintiff on probation for five years. *Id.*

On July 24, 2003, the trial court revoked Plaintiff's probation and sentenced him to twelve years (12) in the TDCJ-CID. (2008 WL 318290, *1). Plaintiff claims that the trial court made no affirmative finding regarding a deadly weapon or seriously bodily injury such that he was not excluded from either parole or mandatory release consideration in the future.[2]

On September 26, 2003, Plaintiff arrived at the Garza West Unit in Beeville, Texas. (D.E. 1, p. 7).

On July 1, 2008, the Parole Board granted Plaintiff "H.B. 1433 Discretionary Mandatory Release Supervision."[3] (D.E. 1, p. 7).

---

[1] *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985*); see also Eason v. Holt*, 73 F.3d 600, 603 (5th Cir. 1996) (stating that testimony given at a *Spears* hearing is incorporated into the pleadings).

[2] Effective September 1, 1996,Texas law excludes from mandatory release consideration prisoners convicted of certain serious felonies, including those with an affirmative finding of possessing a deadly weapon or inflicting serious bodily injury. Tex Gov't Code Ann. § 508.149(a).

[3] As discussed in more detail below, House Bill 1433, codified at § 508.149(b), gives the Parole Board the discretion to *deny* mandatory release to prisoners, (who are not disqualified by virtue of their crimes under subsection (a)), if

On December 14, 2012, Plaintiff's supervised release parole was revoked, (D.E. 1, p. 25), and on May 3, 2013, he was returned to TDCJ custody under the same TDCJ number for the aggravated assault violation. (D.E. 1, p. 7). Upon his return to prison, Plaintiff was re-classified as ineligible for discretionary mandatory release under the "aggravated offense statute." (D.E. 1, p. 24).

By letter dated December 1, 2015, Plaintiff filed a letter/motion with the Texas Board of Pardons and Paroles seeking a "special review" of the denial of his eligibility for discretionary supervised release. (D.E. 1, p. 15-18).

Plaintiff seeks declaratory relief that his constitutional rights were violated and a mandatory injunction classifying him as "HB 1433 eligible."

### III. LEGAL STANDARD.

Regardless of whether a plaintiff has properly exhausted his administrative remedies, his action may be dismissed for failure to state a claim upon which relief can be granted. 42 U.S.C. § 1997e(c)(2). "To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins,* 487 U.S. 42, 48 (1988); *see also Biliski v. Harborth*, 55 F.3d 160, 162 (5th Cir. 1995). An action may be dismissed for failure to state a claim when it is clear that the prisoner can prove no set of facts in support of his claim entitling him to relief. *Oliver v. Scott*, 276 F.3d 736, 740 (5th Cir. 2002). The

---

the Board finds that, despite the time served, the offender is not sufficiently rehabilitated and poses a risk to the public. § 508.149(b).

complaint must be liberally construed in favor of the prisoner and the truth of all pleaded facts must be assumed.  *Id.*

## IV. DISCUSSION.

### A. Texas early release law.

Under Texas law, prisoners may become eligible for release on either (1) parole, or (2) a mandatory supervised released program.  *See Malichi v. Thaler,* 211 F.3d 953, 957 (5th Cir. 2000).  "Parole" is the discretionary and conditional release of an eligible prisoner who may serve the remainder of his sentence under the supervision and control of the pardons and paroles division.  *Id.*  It is entirely speculative whether a prisoner will be released on parole.  *Id.*  As such, a prisoner has no protected liberty interest in a discretionary release to parole.

"Mandatory supervision" is the release of an eligible prisoner so that he may serve the remainder of his sentence not on parole, but still under the supervision and control of the pardons and paroles division.  *Malichi,* 211 F.3d at 957.  Before the passage of H.B. 1433, release on mandatory supervision was "automatic" once an inmate's flat time plus his accrued good time equaled the term of his sentence.  *See Ex parte Retzlaff,* 135 S.W.3d 45, 48 (Tex. Crim. App. 2004).  The amendments to article 42, 18, § 8(c) (H.B. 1433), which was applicable to offenses committed after September 1, 1996, gave the Board discretion to deny a prisoner early release on mandatory supervision "if a parole panel determines that the prisoner's accrued good conduct time is not an accurate reflection of the prisoner's potential for rehabilitation and the prisoner's release would endanger the public.  *See* Act of May 29, 1995, 74th Leg., R.S., ch. 264 §§ 2-4, 1995

Tex. Gen. Laws 2592, 2592-93(current version Tex. Gov't Code Ann. § 508.149(b) (West 2015). A parole panel that makes a determination under Subsection (b) of § 508.149 must specify in writing the reasons for the determination that the prisoner should not be released to mandatory supervision. Tex. Gov't Code Ann. § 508.149(c).

### B. Nature of Plaintiff's claims and the *Heck* analysis.

Plaintiff claims that, when he entered prison, he was eligible for mandatory release because, even though he was charged with assault with a deadly weapon, no affirmative finding of such was made, and therefore he was not excluded under § 508.149(a). He claims that when he returned to prison the second time, his parole eligibility was terminated, and that someone effectively labeled him as ineligible based on a deadly weapon finding. He has written to the Parole Review Board to try to have the matter resolved, but to date, he has not received an answer.

The Supreme Court has held that a prisoner in state custody cannot use a § 1983 action to challenge "the fact or duration of his confinement." *Preiser v. Rodriguez*, 411 U.S. 475, 489 (1973); *see also Wolff v. McDonnell*, 418 U.S. 539, 554 (1974); *Heck v. Humphrey*, 512 U.S. 477, 481 (1994); *Edwards v. Balisok*, 520 U.S. 641, 648 (1997). He must seek federal habeas corpus relief (or appropriate state relief) instead. This applies to challenges to parole procedures and decisions. *Littles v. Board of Pardons and Paroles,* 68 F.3d 122, 123 (5th Cir. 1995). In Plaintiff's case, however, he is not challenging the revocation of his parole or arguing that he is entitled to an immediate or speedier release. Instead, he is claiming only that he previously had a right to be *considered* for parole eligibility, and now that right has been taken, without notice or hearing.

In 2005, the Supreme Court addressed a habeas and § 1983 nuance when two state prisoners brought a § 1983 action challenging as unconstitutional Ohio's parole procedures in *Wilkinson v. Dotson,* 544 U.S. 74 (2005). The two prisoners, Dotson and Johnson, were serving lengthy prison terms in Ohio prisons. The parole board applied guidelines enacted after their convictions to deny them parole and parole consideration. 544 U.S. at 76. Both prisoners brought § 1983 actions in federal court, but in each case, the district court dismissed the prisoners' claims as cognizable only under a petition for habeas corpus. *Id.* at 77. The Sixth Circuit reversed, and the Supreme Court granted a writ of certiorari. *Id.*

On appeal, the Court reiterated that a state prisoner cannot use a § 1983 action to challenge "the fact or duration of his confinement." *Wilkinson,* 544 U.S. at 78 (citing *Preiser,* 411 U.S. at 489; *Wolff*, 418 U.S. at 554; *Heck,* 512 U.S. at 481; *Balisok,* 520 U.S., at 648). After reviewing its past decisions from *Preiser* to *Balisok*, the Court stated:

> These case, taken together, indicate that a state prisoner's § 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—*if* success in that action would necessarily demonstrate the invalidity of confinement or its duration.

*Wilkinson,* 544 U.S. at 81-82. Applying the principles to the claims of Dotson and Johnson, the Court found that neither of the prisoners' challenges to Ohio's parole laws would, even if they prevailed, necessarily entitle them to a speedier release. Success for Dotson did not mean immediate release or a shorter prison stay; at most, it would provide new eligibility review which would simply speed parole consideration. For Johnson,

success would mean only a new parole hearing. Because neither prisoner's claim would necessarily involve a speedier release, the Court concluded that their claims challenging the constitutionality of Ohio's parole procedures could be maintained in a § 1983 claim. 544 U.S. at 82.

In the instant case, Plaintiff claims that his parole eligibility status was changed when his parole was revoked in December 2012. He has written to the Texas Board of Pardons and Paroles asking for a review of that decision. (D.E. 1, pp. 15-18). Like the prisoners in *Wilkinson,* were Plaintiff to prevail on his claims, he would not be entitled to an immediate or speedier release: he is seeking only to be classified as parole eligible. Thus, his claims are cognizable in this § 1983 action. *See Ellason v. Owens,* 526 Fed. Appx. 342, *1 (5th Cir. 2013) (prisoner's request to be considered eligible for parole is not seeking immediate or speedier release from custody and is cognizable under section 1983).

  **C. Proper defendant.**

Plaintiff is not seeking monetary damages under § 1983 against either named defendant. He is looking only to challenge the Parole Board's policies and procedures that eliminated his parole eligibility. At the *Spears* hearing, Plaintiff admitted that Beth Benoit, a Program 1 Supervisor, is a Parole Agency employee who does not make independent decisions regarding parole eligibility of inmates and that she would not have the authority to provide the declaratory or injunctive relief he seeks. Plaintiff thus moved to voluntarily dismiss Ms. Benoit and it is respectfully recommended that Plaintiff's

motion to dismiss Ms. Benoit be granted and Plaintiff's claims against her dismissed with prejudice.

Plaintiff testified that Mr. Gutierrez, as a parole hearing officer, has the authority to grant and revoke parole and to make decisions about parole eligibility. Plaintiff does not claim that Mr. Gutierrez personally violated his constitutional rights and he is not seeking monetary damages against this defendant. Therefore, it is respectfully recommended that Plaintiff's claims against Mr. Gutierrez in his individual capacity be dismissed with prejudice for failure to state a claim.

Plaintiff is seeking declaratory and prospective injunctive relief against the Texas Parole Board, and such an action is cognizable against an employee in his official capacity. *See Brown v. Texas Bd. of Pardons and Paroles,* 284 Fed. Appx. 170, *1 (5th Cir. 2008). Thus, it is respectfully recommended that Plaintiff's parole eligibility claims be retained and service ordered on the Texas Board of Pardons and Paroles by and through service on Mr. Gutierrez in his official capacity only.

## V.     RECOMMENDATION.

Plaintiff's claims for declaratory and injunctive relief challenging the Parole Board's policies and procedures that stripped him of his parole eligibility are cognizable in a § 1983 proceeding. *Wilkinson,* 544 U.S. at 76-77. Thus, it is respectfully recommended that the Court retain Plaintiff's parole eligibility claim and order service on David Gutierrez in his official capacity. It is respectfully recommended further that, to the extent Plaintiff may have sued Mr. Gutierrez in his individual capacity for money damages, those claims be dismissed for failure to state a claim and/or as frivolous

pursuant to U.S.C. § § 1915(e)(2) and 1915A(b)(1), and further, that his claims against Beth Benoit be dismissed upon Plaintiff's own motion.

    Respectfully submitted this 14th day of March, 2016.

                                                    Jason B. Libby
                                          United States Magistrate Judge

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United Servs. Auto Ass'n,* 79 F.3d 1415 (5th Cir. 1996) (en banc).