Case 2:16-cv-00017   Document 13   Filed in TXSD on 03/14/16   Page 1 of 2

United States District Court
Southern District of Texas
**ENTERED**
March 14, 2016
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| PHILLIP JACKSON, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 2:16-CV-17 |
| | § | |
| DAVID GUTIERREZ, *et al*, | § | |
| | § | |
| Defendants. | § | |

## ORDER

Pending are Plaintiff's Motion to Supplement Complaint (D.E. 10) and Motion for Appointment of Counsel (D.E. 9).

Plaintiff Phillip Jackson, a Texas inmate appearing *pro se*, requests the Court to consider the attachments to the pending motion as part of his civil rights complaint. Plaintiff's Motion to Supplement Complaint (D.E. 10) is **GRANTED**. The undersigned has considered the attachments and has recommended to the United States District Judge that the case be retained. Service on Defendant David Gutierrez in his official capacity has been ordered.

It is further ORDERED that Plaintiff's Motion for Appointment of Counsel (D.E. 9) is **DENIED without prejudice**. No constitutional right to appointment of counsel exists in civil rights cases. *See Baranowski v. Hart*, 486 F.3d 112, 126 (5th Cir. 2007); *Akasike v. Fitzpatrick*, 26 F.3d 510, 512 (5th Cir. 1994) (per curiam). A district court is not required to appoint counsel unless "'exceptional circumstances'" exist. *Cupit v.*

*Jones*, 835 F.2d 82, 86 (5th Cir. 1987) (quoting *Jackson v. Dallas Police Dep't*, 811 F.2d 260, 261 (5th Cir. 1986) (per curiam)). The Fifth Circuit has enunciated several factors that the Court should consider in determining whether to appoint counsel:

> (1) the type and complexity of the case; (2) whether the indigent is capable of adequately presenting his case; (3) whether the indigent is in a position to investigate adequately the case; and (4) whether the evidence will consist in large part of conflicting testimony so as to require skill in the presentation of evidence. The court should also consider whether appointed counsel would aid in the efficient and equitable disposition of the case.

*Jackson*, 811 F.2d at 262 (citing *Ulmer v. Chancellor*, 691 F.2d 209, 213 (5th Cir. 1982)); *accord Norton v. Dimazana*, 122 F.3d 286, 293 (5th Cir. 1997). Upon careful consideration of the factors set forth in *Jackson*, the Court finds that appointment of counsel is not warranted at this time. However, if Plaintiff's case proceeds to trial, or if the circumstances otherwise warrant appointing counsel, the undersigned will *sua sponte* reconsider Plaintiff's motion for appointment of counsel.

ORDERED this 14th day of March, 2016.

_____
Jason B. Libby
United States Magistrate Judge