IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| PHILLIP JACKSON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL NO. 2:16-CV-17 |
| | § | |
| DAVID GUTIERREZ et al., | § | |
| | § | |
| Defendants. | § | |

### ORDER

In May 2013, Plaintiff Phillip Jackson's ("Jackson") parole was revoked, and he was recommitted to the custody of the Texas Department of Criminal Justice, Criminal Institutions Division, where he is presently a prisoner. Def. Gutierrez's Orig. Answer Jury Demand ("Gutierrez Answer") ¶ 9, D.E. 17 (admitting month and year of revocation). Representing himself, Jackson filed this lawsuit under 42 U.S.C. § 1983 against David Gutierrez ("Gutierrez"), the presiding officer of the Texas Board of Pardons and Parole ("TBPP"), and Beth Benoit ("Benoit"), a program supervisor for the TBPP. Compl. 3, 7; *see also* Gutierrez Answer ¶ 18 (admitting Gutierrez is presiding officer). After conducting an evidentiary hearing, the magistrate judge to whom this case is referred entered his Memorandum and Recommendations ("the M&R") that the Court grant Jackson's oral motion to dismiss his claims against Benoit and that Jackson's claims be dismissed for failure to state a claim insofar as Jackson sues Gutierrez in his individual capacity. D.E. 11 at 9–10. No party has filed objections to the M&R, and the deadline to object has passed. *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b)(2). Adopting the proposed findings and recommendations in part, the Court construes Jackson's oral request to dismiss Benoit as a motion for leave to amend his complaint, grants it, and finds that Jackson pleads no claims against Gutierrez in his individual capacity.

Under 28 U.S.C. § 636(b)(1)(B), a magistrate judge may conduct proceedings and issue proposed findings and recommendations for disposition of dispositive matters that have been referred to him. Objections to proposed findings and recommendations are due within 14 days, and the district court must determine portions of the proposed findings and recommendations to which objection is made de novo. *Id.*; Fed. R. Civ. P. 72(b)(3) (requiring de novo review of any part of the magistrate judge's disposition that has properly been objected to); *see also id.* R. 72(b)(2) (giving other parties 14 days to respond to objections). Objections under this procedure "narrow the dispute" and allow a district judge "to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute." *Thomas v. Arn,* 474 U.S. 140, 147 & n.6 (1985). Although "the statute does not require the [district] judge to review an issue *de novo* if no objections are filed, it does not preclude further review by the district judge, *sua sponte* or at the request of a party, under a *de novo* or any other standard." *Id.* at 154. Federal Rule of Civil Procedure 72(b) does not on its face require any review of unobjected-to proposed findings and recommendations of a magistrate judge. The 1983 Advisory Committee Note promulgated at the adoption of Rule 72 states that "[w]hen no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." A standard of review applicable to factual findings, "[c]lear error exists when 'although there may be evidence to support it, the reviewing court on the entire record is left with the definite and firm conviction that a mistake has been committed.'" *Hollinger v. Home State Mut. Ins. Co.*, 654 F.3d 564, 569 (5th Cir. 2011) (quoting *Preston v. Tenet Healthsys. Mem'l Med. Ctr., Inc.*, 485 F. 3d 793, 796–97 (5th Cir. 2007)) (other citations omitted) (alteration omitted). Regardless of the presence of objections, the district judge "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3); *accord* 28 U.S.C. § 636(b)(1). This is because only the presiding district judge possesses the power definitively to decide dispositive matters under § 636(b)(1), and she "has the authority, if not the duty, to

make a correct final determination." *Sweeney v. Astrue,* 796 F. Supp. 2d 827, 830 (N.D. Tex. 2011). Therefore, this Court ordinarily considers the entire record and reviews unobjected-to proposed findings of fact for clear error and retains the authority to consider unobjected-to legal conclusions de novo.

No party objects to the M&R's proposed finding that, at the evidentiary hearing, Jackson admitted that Benoit "is a Parole Agency employee who does not make independent decisions regarding parole eligibility of inmates and that she would not have the authority to provide the declaratory or injunctive relief he seeks." M&R 8, D.E. 11. The M&R characterizes Jackson's oral request as a motion to dismiss Benoit voluntarily and recommends the Court grant that motion. *Id.* The Court construes Jackson's oral request as a motion to amend his complaint to drop Benoit,[1] and, finding no prejudice to Defendants, grants it. *See* Fed. R. Civ. P. 15(a)(2).

The M&R also recommends that Jackson's claims against Gutierrez be dismissed with prejudice to the extent Jackson sues Gutierrez in his individual capacity, M&R 9–10, but Jackson sues Gutierrez only in his official capacity, obviating the need for sua sponte dismissal. The M&R proposes sua sponte dismissal for failure to state a claim under a provision of the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(c)(2). D.E. 11 at 4. Entry of an order dismissing some of Jackson's claims under that provision may count as a strike under the PLRA's three-strikes provision. *See Nottingham v. Richardson*, No. 2:10-CV-0060, 2011 WL 4526133, at *2 n.2 (N.D. Tex. Sept. 29, 2011) (citing *Adeleke v. Heaton*, 352 F. App'x 904 (5th Cir. 2009)) (other citation omitted) ("Partial

---

[1] Because the Court construes Jackson's request as a motion to amend, his request need not be analyzed under Federal Rule of Civil Procedure 41(a). *See Reid v. Farmers Ins. Co.*, Civ. A. No. 15-5027, 2016 WL 346881, at *3 (E.D. La. Jan. 11, 2016) (recommending dismissal of entire action with a court order based on oral request to dismiss made at *Spears* hearing and stating that "[n]ormally, [the plaintiff]'s oral expression to dismiss 'itself closes the file. . . There is not even a perfunctory order of court closing the file.'" (quoting *American Cyanamid Co. v. McGhee*, 317 F.2d 295, 297 (5th Cir. 1963))); *see also Plains Growers, Inc. v. Ickes–Braun Glasshouses, Inc.*, 474 F.2d 250, 253 (5th Cir. 1973) ("we hold that plaintiff is entitled to a dismissal against one defendant under Rule 41(a), even though the action against another defendant would remain pending."). The Court implies no view on whether an oral request for dismissal meets Rule 41(a)(1)(A)(i)'s requirement that a notice of voluntary dismissal be filed.

dismissals, that is, dismissals of some but not all defendants in a lawsuit, are counted in the Fifth Circuit as a strike, even where the remaining defendant(s) go to summary judgment or trial.") Under the heading "Parties," Jackson's complaint reads as follows: "Defendant, David Gutierrez as the Presiding Officer for the Texas Board of Pardons and Paroles. He is sued in his official Capacity." D.E. 1 at 6. The Court finds that Jackson's complaint and accompanying papers consistently allege that Gutierrez is sued in his official capacity without mentioning his individual capacity. *See id.* at 6, 10 (including phrase "sued in their official capacities" after defendant's names in caption of complaint and attached accompanying papers). As a result, the Court need not, and does not, adopt the proposal to enter an order dismissing Jackson's claims against Gutierrez in his individual capacity.

Because the Court finds that Jackson sues Gutierrez in his official capacity only, the Court adopts the proposed findings and recommendations of the M&R in part. The Court grants Jackson leave to amend his complaint within 28 days after the entry of this order for the sole purpose of dropping Benoit as a defendant. It is so ORDERED.

SIGNED this 7th day of June, 2016.

_____
Hilda G. Tagle
Senior United States District Judge