United States District Court
Southern District of Texas
**ENTERED**
May 05, 2017
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| PHILLIP  JACKSON, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 2:16-CV-17 |
| | § | |
| DAVID  GUTIERREZ, | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM AND RECOMMENDATION TO DENY
PLAINTIFF'S MOTION TO ALTER OR AMEND JUDGMENT**

This civil rights action was filed by Phillip Jackson, a Texas state prisoner, pursuant to 42 U.S.C. § 1983.  Plaintiff, who is appearing *pro se*, is an inmate of the Texas Department of Criminal Justice-Correctional Institutions Division ("TDCJ-CID") and is currently incarcerated at the Wayne Scott Unit in Angleton, Texas.  On April 4, 2017, the Court granted Defendant David Gutierrez's motion for summary judgment and closed this case.  (D.E. 66).  On April 20, 2017, Plaintiff filed a Motion to Alter or Amend the Judgment pursuant to Federal Rule of Civil Procedure 59(e).  (D.E. 73).  For the reasons stated below, it is respectfully recommended that Plaintiff's Rule 59(e) motion be **DENIED**.

I.      **BACKGROUND**

On September 11, 2000, Plaintiff pleaded guilty to the felony offense of aggravated assault, cause number 00-CR2318-D, in the 105th Judicial District Court of Nueces County, Texas.  (D.E. 38-1, p. 4).  His offense occurred on April 23, 2000.  (D.E.

38-1, p. 4).  Pursuant to a plea agreement, the trial court deferred the adjudication of guilt

and placed Plaintiff on probation.  (D.E. 38-1, p. 4).  The State of Texas filed a motion to

proceed with the adjudication of guilt, alleging Plaintiff had violated the terms of his

probation.  (D.E. 38-1, p. 4).  On July 22, 2003, the trial court held a hearing on the

State's motion and found Plaintiff had violated six conditions of his probation agreement.

(D.E. 38-1, p. 4).  Accordingly, the trial court withdrew the order deferring adjudication

and considered evidence on the issue of punishment.  (D.E. 38-1, p. 4).  On July 24,

2003, the trial court entered its "Judgment Adjudicating Guilt" against Plaintiff and

sentenced him to twelve years in the TDCJ.  (D.E., pp. 4-5).

On September 29, 2003, Plaintiff was taken into custody of the TDCJ.  (D.E. 38-2,

p. 3).  On December 12, 2008, Plaintiff was released from TDCJ custody on parole.

(D.E. 38-2, p. 3).  On December 19, 2012, Plaintiff's parole was revoked, and he received

a two-year sentence for the conviction which violated his parole, assault family violence

in cause no. 12-CR-4155-H.  (D.E. 38-2, p. 3).  On May 6, 2013, Plaintiff was returned to

TDCJ custody due to his parole revocation and to serve his new sentence.  (D.E. 38-2, p.

4).

Plaintiff alleges in this action that Defendant, as Presiding Officer of the Texas

Board of Pardons and Paroles, illegally and unconstitutionally revoked his eligibility for

House Bill 1433 ("H.B. 1433") discretionary mandatory supervision after Plaintiff was

previously deemed eligible.  Plaintiff subsequently filed a motion for summary judgment

regarding Defendant's liability (D.E. 22) and a motion for a preliminary injunction to

compel Defendant to classify Plaintiff as H.B. 1433 eligible. (*See* D.E. 26, 28). On June

24, 2016, Defendant filed a motion for summary judgment. (D.E. 38).

The undersigned issued a Memorandum and Recommendation on December 9,

2016 ("December 9, 2016 M&R"), which recommended granting Defendant's summary

judgment motion and denying Plaintiff's summary judgment motion. (D.E. 60).

Specifically, the undersigned concluded that: (1) Plaintiff's claims were barred by the

applicable two-year statute of limitations; and (2) even if the claims were not time barred,

Plaintiff was never eligible for mandatory supervision resulting in no deprivation of a

state-created liberty interest. (D.E. 60).

Plaintiff submitted Objections to the December 9, 2016 M&R. (D.E. 62). On

April 4, 2017, Senior United States District Judge Hilda Tagle declined to adopt the

portion of the December 9, 2016 M&R which recommended that Plaintiff's claims were

barred by the statute of limitations. (D.E. 66, pp. 2-4). In adopting the recommendations

in all other respects, the District Judge granted Defendant's summary judgment motion,

denied Plaintiff's summary judgment motion, and denied Plaintiff's motion for a

preliminary injunction. (D.E. 66, pp. 4-7).

## II.    PLAINTIFF'S RULE 59(e) MOTION

On April 20, 2017, Plaintiff timely filed his Rule 59(e) motion to alter or amend

the judgment. (D.E. 73). A Rule 59(e) must clearly establish either a manifest error of

law or fact or must present newly discovered evidence. *Ross v. Marshall*, 426 F.3d 745,

763 (5th Cir. 2005) (internal quotations omitted). A Rule 59(e) motion serves the narrow

purpose of allowing a party to correct manifest errors of law or fact or to present newly

discovered evidence. *Templet v. HydroChem Inc.,* 367 F.3d 473, 478-79 (5th Cir. 2004). A Rule 59(e) motion is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment. *Id*. Importantly, a Rule 59(e) motion is not proper to re-litigate matters that have been resolved to the movant's dissatisfaction and a party cannot attempt to obtain "a second bite at the apple" on issues that were previously addressed by the parties and the Court. *N. Cypress Med. Ctr. Operating Co. v. Blue Cross Blue Shield*, 2010 WL 2245075 at * 1 (S.D. Tex. Jun. 2, 2010) (unpublished). Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly. *Templet*, 367 F.3d at 479.

## III.    ANALYSIS

In his Rule 59(e) motion, Plaintiff first argues that both the Magistrate Judge and the District Judge improperly construed his claim asserting a liberty interest in his eligibility for discretionary mandatory supervision as a claim asserting a liberty interest in parole eligibility. (D.E. 73, p. 2). Plaintiff apparently references the undersigned's Memorandum and Recommendation issued on March 14, 2016 ("March 14, 2016 M&R"), which "recommended that the Court retain Plaintiff's parole eligibility claim and order service on [Defendant] in his official capacity." (D.E. 11 at p. 10). On June 7, 2016, the District Judge adopted this recommendation. (D.E. 33, p. 4).

As explained by the District Judge in her April 4, 2017 Order, the March 14, 2016 M&R evaluated Plaintiff's claims against Defendant under the motion to dismiss standard. (Doc. 66, p. 4). The March 14, 2016 M&R, however, is not dispositive of the Court's findings at the summary judgment stage where the Court considered Plaintiff's

4 / 8

eligibility for H.B. 1433 mandatory supervision.   Because the Court has properly construed and considered Plaintiff's claim as to whether he had a liberty interest in mandatory supervision,[1] Plaintiff's argument fails to demonstrate a manifest error of law entitling him to Rule 59(e) relief.

Next, Plaintiff seeks to challenge the District Judge's conclusion that he was ineligible for H.B 1433 mandatory supervision.  (D.E. 73, pp. 2-4).  Plaintiff argues that the statute under which he was convicted in 2000 required an affirmative finding of a deadly weapon or serious bodily injury to constitute a crime that would preclude eligibility for mandatory supervision.  (D.E. 73, p. 3).  Plaintiff cites the section for "Findings on the Use of Deadly Weapon" in his July 24, 2003 Judgment, which states "Not applicable."   (D.E. 38-1, p. 3).   Plaintiff further cites Defendant's purported admission that Plaintiff was at one time a "Discretionary Mandatory Supervision Release Candidate." (D.E. 73, p. 5).

Plaintiff's arguments concerning his eligibility for mandatory supervision were addressed and rejected by the District Judge when it granted Defendant's summary judgment motion and denied Plaintiff's summary judgment motion.  (D.E. 66, pp. 4-6).

---

[1] According to the TDCJ, mandatory supervision is defined as "[a] type of release from prison provided by law for restricted categories of offenders.  Eligible offenders are released on [mandatory supervision] when their calendar time added to their good time credits equals the length of their prison sentence."  Parole, on the other hand, is defined as "[t]he conditional release of an offender from prison, by a [Texas Board of Pardons and Paroles] decision, to serve the remainder of his/her sentence under  supervision in the community."  *See* "Definitions and Acronyms," TEX. DEP'T OF CRIM. JUST., http://tdcj.state.tx.us/definitions/ (last visited May 4, 2017).

A Rule 59(e) motion is an improper vehicle to rehash failed arguments.  *See Blue Cross Blue Shield*, 2010 WL 2245075 at *1.

Moreover, Plaintiff's arguments fail to establish an entitlement to relief from the final judgment.  As Plaintiff is well aware, the Fifth Circuit Court of Appeals holds that there is a constitutional expectancy of early release created by the mandatory supervision release program in Texas.  *Teague v. Quarterman*, 482 F.3d 769, 777 (5th Cir. 2007).  However, for an inmate to have a liberty interest in mandatory supervision, the inmate must be eligible for release to mandatory supervision.  *Kossie v. Crain*, 602 F. Supp. 2d 786, 790-91 (S.D. Tex. 2009) (citing *Ex Parte Geiken*, 28 S.W.3d 553, 558-59 (Tex. Crim. App. 2000) (en banc)) ("[I]nmates *who are eligible* for release to mandatory supervision do have a protected liberty interest in that release.") (emphasis in original).

As discussed by the District Judge in her April 4, 2017 Order, the trial court's July 24, 2003 Judgment reflects that Plaintiff had plead guilty on September 11, 2000 to aggravated assault.  (D.E. 38-1, pp. 4-5).   A review of the Judgment further reflects that Plaintiff was adjudged guilty of aggravated assault, a felony in the second degree.  (Doc. 38-1, p. 5).  At the time of Plaintiff's offense on April 23, 2000, the Texas Penal Code set forth that:

> A person commit an offense [of aggravated assault] if the person commits assault as defined by § 22.01 and the person: (1) causes serious bodily injury to another, including the person's spouse; or (2) uses or exhibits a deadly weapon during the commission of the assault.

Tex. Penal Code Ann. § 22.02 (West) (statute as effective on April 23, 2000).  Thus, under the statute, Plaintiff could be convicted of aggravated assault without an

affirmative finding regarding the use of a deadly weapon.  Inmates like Plaintiff, who are convicted of second degree aggravated assault, are ineligible for release to mandatory supervision.  *See* Tex. Gov't Code § 508.149(a)(7).

Plaintiff appears to rely again on Commitment Data Form that was given to him with the words "Discretionary Mandatory Supervision Release Candidate-1433."  (Doc. 38-3, p. 3).  However, as explained in the undersigned's December 9, 2016 M&R and adopted by the District Judge, the Commitment Data Form does not state that Plaintiff was ever eligible for mandatory supervision.  (D.E. 60, pp. 13-14; D.E. 66, pp. 6-7).  Plaintiff has not provided in his Rule 59(e) motion any new argument or evidence to support his claim that he was ever eligible for release to mandatory supervision.  Because he cannot point to a deprivation of a state-created liberty interest, Plaintiff's arguments fail to demonstrate a manifest error of law entitling him to Rule 59(e) relief.

## IV.   RECOMMENDATION

Accordingly, it is respectfully recommended that Plaintiff's Rule 59(e) Motion to Alter or Amend the Judgment (D.E. 73) be DENIED.

ORDERED this 5th day of May, 2017.

Jason B. Libby
United States Magistrate Judge

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel.  Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.  *Douglass v. United Servs. Auto Ass'n,* 79 F.3d 1415 (5th Cir. 1996) (en banc).